IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Marion K. Porter,

    Plaintiff,

vs.

Olsen & Traeger, LLP, a Colorado limited liability partnership, and Portfolio Lending Corp., a Colorado corporation.

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff Marion K. Porter, by and through counsel, Sheldon H. Smith and Kelly Dickson Cooper of Holland & Hart LLP, and for her complaint against the Defendants, states and alleges as follows:

### PARTIES AND JURISDICTION

1. Marion K. Porter ("Porter") is an individual domiciled in the State of Colorado.

2. Upon information and belief, Defendant Olsen & Traeger, LLP ("O&T") is a Colorado limited liability partnership with its principal place of business located at 650 South Cherry Street, Suite 850, Glendale, Colorado 80246.

3. Upon information and belief, Defendant Portfolio Lending Corp. ("Portfolio") is a Colorado corporation with its principal place of business located at 5675 DTC Blvd., Suite 160, Englewood, Colorado 80111.

4. This court has subject matter jurisdiction over this action because it involves the enforcement of the Fair Credit Reporting Act, a federal law. 28 U.S.C. § 1331 (2005); 15 U.S.C. § 1681p (2005).

5. Venue is proper in this court because Defendants are a Colorado limited liability partnership and corporation, respectively, with their principal places of

business located in the state. In addition, the events giving rise to Plaintiff's claims occurred in Colorado. 28 U.S.C. § 1391(b) (2005).

## GENERAL ALLEGATIONS

6. Porter and O&T are engaged in a lawsuit in the Probate Court in and for the City and County of Denver, State of Colorado, titled In the Matter of the Estate of Thorvald G. Myers, Case No. 04PR1450 (the "Probate Action").[1]

7. In connection with the Probate Action, Porter and O&T began the discovery process in October 2004.

8. In late 2004, Porter learned that a request had been made for her credit report without her authorization.

9. This discovery caused Porter to bring the matter to the attention of her attorneys for further investigation.

10. That investigation revealed that Ranae Johnson, an employee of O&T, contacted Adam Hirst ("Hirst"), an employee of Portfolio, on November 17, 2004 to request Porter's credit report. As a result of Johnson's request on behalf of O&T, Hirst, as an employee of Portfolio, requested Porter's credit report and furnished it to Johnson.

11. The requests of O&T and Portfolio for Porter's credit report are in violation of the Fair Credit Reporting Act (the "Act") because the requests were not made for one of the permissible purposes specified in the Act. See 28 U.S.C. § 1681b (2005).

12. Portfolio furnished Porter's credit report to O&T in violation of the Act because O&T's request was not made for one of the permissible purposes specified in the Act. See 28 U.S.C. § 1681b (2005).

13. O&T and Portfolio violated the Act by using false pretenses to request Porter's credit report and requesting the report while knowing they had no permissible purpose under the Act to make the requests.

---

[1] Prior to filing this Complaint, Porter filed a motion for sanctions in the Probate Action against O&T. The court in the Probate Action sanctioned O&T by disqualifying O&T from acting as counsel in the Probate Action and imposing a protective order regarding discovery that can be sought from Porter (the "Sanctions"). O&T appealed the imposition of the Sanctions in the Probate Action under Rule 21 of the Colorado Appellate Rules and that appeal is currently pending before the Colorado Supreme Court.

### FIRST CLAIM FOR RELIEF
(Violation of Fair Credit Reporting Act, §1681n)

14. Porter hereby incorporates the allegations made in paragraphs 1 through 13.

15. O&T willfully failed to comply with the requirements of the Act by obtaining Porter's credit report through its employee Johnson under false pretenses and/or with the knowledge it had no permissible purpose to request the report under the Act.

16. Portfolio willfully failed to comply with the requirements of the Act by requesting Porter's credit report under false pretenses and/or with the knowledge it had no permissible purpose to request the report under the Act. In addition, Portfolio willfully failed to comply with the requirements of the Act by furnishing Porter's credit to O&T with the knowledge it had no permissible purpose under which to do so under the Act.

17. Porter was compelled to incur attorneys' fees to investigate the Defendants' requests of her credit report and to prevent the use of her credit report in the Probate Action.

18. Porter suffered mental distress and emotional harm proximately caused by the unlawful conduct of the Defendants.

19. The conduct of the Defendants in direct violation of the law is egregious and the Court should award punitive damages to Porter.

20. Porter has incurred and continues to incur attorneys' fees and costs in bringing this action.

21. As a directed proximate result of the unlawful conduct of the Defendants, Porter has incurred substantial fees and costs in protecting her interest in the Probate Action.

### SECOND CLAIM FOR RELIEF
(Violation of Fair Credit Reporting Act, §1681o)

22. Porter hereby incorporates the allegations made in paragraphs 1 through 21.

23. O&T negligently failed to comply with the requirements of the Act by obtaining a copy of Porter's credit report when it had no permissible purpose for the request under the Act.

24. Portfolio negligently failed to comply with the requirements of the Act by obtaining a copy of Porter's credit report and furnishing it to O&T when it had no permissible purpose for the request or furnishment under the Act.

25. Porter was compelled to incur attorneys' fees to investigate the Defendants' requests of her credit report and to prevent the use of her credit report in the Probate Action.

26. Porter has incurred and continues to incur attorneys' fees and costs in bringing this action.

27. As a directed proximate result of the unlawful conduct of the Defendants, Porter has incurred substantial fees and costs in protecting her interest in the Probate Action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marion K. Porter prays judgment against the Defendants, jointly and severally, for actual damages in an amount to be proved at trial, punitive damages, pre-judgment and post-judgment interest, and payment of her attorneys' fees and costs for bringing this action.

Dated:   October 28, 2005

Respectfully submitted,

*[signature]*

Sheldon H. Smith
Kelly Dickson Cooper
HOLLAND & HART LLP
555 17th Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
Phone: (303) 295-8540
Fax: (303) 295-8261
ssmith@hollandhart.com
kdcooper@hollandhart.com

**ATTORNEYS FOR PLAINTIFF**

Address of Plaintiff:
150 S. Monaco Parkway #212
Denver, CO 80224